IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00057-MR

| SONYA LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| KILOLO KIJAKAZI,[1] Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 17].

## I. PROCEDURAL HISTORY

The Plaintiff, Sonya Lewis ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of March 11, 2017. [Transcript ("T.") at 14]. The Plaintiff also filed an application for supplemental security income under Title XVI of the Act, also alleging an onset date of March 11, 2017. [Id.]. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

Plaintiff's application was denied initially on December 19, 2017, and upon reconsideration on April 19, 2018. [Id.]. Upon the Plaintiff's request, a hearing was held on December 5, 2019, before an Administrative Law Judge ("ALJ"). [Id.]. On January 15, 2020, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of March 11, 2017. [Id. at 27-28]. The Appeals Council denied the Plaintiff's request for review on December 9, 2020, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

2

v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the

4

claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds

5

in shouldering this burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

**IV.    THE ALJ'S DECISION**

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since March 11, 2017, the alleged onset date, and that the Plaintiff meets the insured status requirements through December 31, 2019 [T. at 16]. At step two, the ALJ found that the Plaintiff has severe impairments, including: diabetes with neuropathy, bipolar disorder, post-traumatic stress disorder, hypertension, asthma, obesity, and diabetic retinopathy of the right eye with loss of visual acuity. [Id. at 16-17]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 18]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with frequent ramps and stairs, and no ladders, ropes, or scaffolds. She would require the ability to alternate between sitting and standing every hour while remaining on task (with no more than 2-3 minutes off task per hour). Her work cannot require depth perception. She must avoid concentrated exposure to pulmonary

6

> irritants, temperature extremes, and bright lights such as sunlight. She can have no exposure to hazards such as unprotected heights or open machinery. She is limited to unskilled work of a routine, repetitive nature performed in two-hour segments. She is limited to work at a non-production pace, meaning non-automated and not involving conveyor belt pacing. She is limited to a stable work setting with no more than occasional contact with the public and no more than frequent contact with supervisors and coworkers.

[Id. at 20].

At step four, the ALJ identified the Plaintiff's past relevant work as an assembler, bus driver, nurse aid, delivery driver, fast food manager, and desk clerk. [Id. at 26]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, she is capable of performing other jobs that exist in significant numbers in the national economy, including: document preparer and final assembler. [Id. at 27]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from March 11, 2017, the alleged onset date, through January 15, 2020, the date of the ALJ's decision. [Id. at 27-28].

## V. DISCUSSION[2]

As one of her assignments of error, the Plaintiff argues that the ALJ's failure to find her carpal tunnel syndrome a severe impairment or to consider manipulative limitations caused thereby frustrates review. [Doc. 13 at 5]. The Defendant, on the other hand, argues that substantial evidence supports the ALJ's decision. [Doc. 18 at 4].

The ALJ's determination at step two of the sequential evaluation process as to whether an impairment is severe is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe if it is only a "*slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (citing Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)) (emphasis in original); see also Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999); 20 C.F.R. § 404.1521(a) ("An impairment ... is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Plaintiffs bear the burden to demonstrate their impairments are

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

severe. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S. Ct. 2287, 2294 n.5 (1987). This is not a difficult standard for plaintiffs to satisfy. See Albright, 174 F.3d at 474 n.1.

Courts in this Circuit generally consider an ALJ's failure to list a specific impairment as severe in step two a harmless error so long as the ALJ found other severe impairments and continued the analysis. See Lewis v. Astrue, 937 F. Supp. 2d 809, 819 (S.D.W. Va. 2013) (applying harmless error standard where the ALJ proceeded to step three and considered non-severe impairments in formulating the claimant's RFC); Cowan v. Astrue, No. 1:11-cv-00007-MR, 2012 WL 1032683, at *3 (W.D.N.C. Mar. 27, 2012) (collecting cases); Spurlock v. Berryhill, No. 3:17-cv-02240, 2018 WL 1956119, at *14 (S.D. W. Va. Apr. 2, 2018) ("Courts in this circuit have held that failing to list a severe impairment at the second step of the process generally is not reversible error as long as the process continues and any functional effects of the impairment are appropriately considered during the later steps.") (collecting cases) report and recommendation adopted, No. 3:17-cv-02240, 2018 WL 1954835 (S.D. W. Va. Apr. 2, 2018); Shannon v. Berryhill, No. 1:17-cv-00066-RJC, 2018 WL 1567368, at *2 (W.D.N.C. Mar. 30, 2018).

Although the ALJ here failed to consider the Plaintiff's carpal tunnel syndrome at step two, he continued his analysis beyond step two. As such,

9

remand is not necessary simply because the Plaintiff's alleged carpal tunnel was not labeled "severe"—even if the ALJ erred in that determination.

However, the ALJ is required to consider the limiting effects of all of the Plaintiff's impairments, including those that are nonsevere, in assessing the Plaintiff's RFC. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). The RFC is "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all of the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189.

"When assessing the claimant's RFC, the ALJ must examine 'all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." Lewis v. Berryhill, 858 F.3d 858, 862 (4th Cir. 2017) (first quoting 20 C.F.R. §§ 404.1525(a)(2),

10

Case 3:21-cv-00057-MR   Document 20   Filed 09/23/22   Page 10 of 15

416.925(a)(2); then quoting Mascio, 780 F.3d at 635). The ALJ must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. (quoting 20 C.F.R. §§ 404.1529(a), 416.929(a)). If there is sufficient evidence that the claimant has a medically determinable impairment, the ALJ "must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." Id. (quoting 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)).

In this case, the ALJ found at step two that the Plaintiff had the severe impairments of diabetes with neuropathy, bipolar disorder, post-traumatic stress disorder, hypertension, asthma, obesity, and diabetic retinopathy of the right eye with loss of visual acuity. [T. at 16-17]. The ALJ found that the Plaintiff had the nonsevere impairments of hernia, hyperlipidemia, degenerative disc disease of the lumbar spine, migraine headaches, and obstructive sleep apnea. [Id. at 17]. In his discussion of his step two findings, the ALJ never mentioned the Plaintiff's carpal tunnel syndrome. During the RFC determination, the ALJ again failed to mention the Plaintiff's carpal tunnel syndrome.

11

While there "is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014), the ALJ in this case ignored the evidence suggesting the Plaintiff is functionally limited by her carpal tunnel syndrome. The Plaintiff alleged this impairment in her initial application for social security and disability benefits [T. at 349]; medical records from October 2018 show she was diagnosed with "left mild, right moderate carpal tunnel syndrome," [Id. at 6953]; and there are numerous references throughout the record to her painful range of motion in her hands [Id. at 683, 692, 6526, 6529, 6535, 6538, 6542, 6546, 6551, 6556]. At her hearing before the ALJ, the Plaintiff also testified that she experiences numbness in her hands four to five times a week. [Id. at 63]. Yet the ALJ failed to make any reference to the Plaintiff's carpal tunnel syndrome in the decision and mentions her hands only one time when summarily restating her complaints. [Id. at 21].

The ALJ's failure to cite specifically to Plaintiff's carpal tunnel syndrome makes it impossible to confirm that he considered these complaints, or the medical evidence regarding these complaints and diagnoses, in reaching the RFC. Further, because the Plaintiff has diabetes with neuropathy and the ALJ did discuss those impairments, the Court cannot determine whether the ALJ found that the Plaintiff's the numbness and pain were related only to

diabetes-related neuropathy. This frustrates the Court's review. Woods, 888 F.3d at 694.

The Defendant attempts to justify the ALJ's failure to include discussion about the Plaintiff's carpal tunnel syndrome and possible manipulative limitations by asserting that because the Plaintiff experienced some tingling in her feet as well as her hands that the "Plaintiff's hand symptoms are related primarily to her diabetes with neuropathy" and thus the ALJ properly addressed the Plaintiff's issues more broadly when considering limitations related to the Plaintiff's diabetes with neuropathy. [Doc. 18 at 21]. The language of the ALJ's decision, however, does not make it clear that the ALJ meant to encompass both the Plaintiff's carpal tunnel syndrome and diabetic neuropathy when considering functional limitations. Specifically, the ALJ stated that:

> The claimant's diabetes, neuropathy, hypertension, asthma, and obesity have been accommodated with limitations for sedentary work with reduced postural duties and a sit/stand option. No additional limitations are warranted in light of the evidence of intact gait, range of motion, and neurological functioning cited above.

[T. at 26]. It is not at all clear from that explanation that the Plaintiff's carpal tunnel syndrome and painful hand range of motion were considered in the ALJ's analysis of the Plaintiff's functional limitations.

While "[i]t may well be" that the ALJ's discussion of the Plaintiff's numbness was intended to encompass her carpal tunnel syndrome as well as her other impairments, "meaningful review cannot rest on such guesswork" by the Court. Woods, 888 F.3d at 694; see Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must ... affirm the ALJ's decision only upon the reasons he gave.").

Given the ALJ's failure to address the evidence of the Plaintiff's symptoms or discuss by name the Plaintiff's carpal tunnel syndrome, the Court cannot find that the ALJ considered the Plaintiff's carpal tunnel syndrome or associated painful hand range of motion when formulating the RFC. Without consideration of the Plaintiff's alleged impairments and limitations, the ALJ failed to both apply the correct legal standard and paint a logical bridge from the evidence to the conclusion he reached regarding the Plaintiff's RFC. Woods, 888 F.3d at 694. The ALJ committed reversable error by failing to include in the RFC all of the Plaintiff's limitations or by failing to explain why accommodations for these limitations were not incorporated.

### VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Upon remand, the ALJ should consider all of the Plaintiff's

impairments and their limiting effects and provide a narrative explanation of how he arrived at the RFC.

In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed by her on remand.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 17] is **DENIED**, and the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 22, 2022

Martin Reidinger
Chief United States District Judge